The Honorable Bobby Newman The Honorable B.G. Hendrix Arkansas Legislative Council State Capitol, Room 315 Little Rock, Arkansas 72201
Dear Representatives:
This is in response to your request for an opinion regarding Act 187 of 1987. You have asked the following specific question in this regard:
 1) May a person who has retired from State employment under the incentives of Act 187 of 1987, and who is receiving benefits computed under the retirement incentives program, provide services to a State agency and receive compensation therefor under a professional services or consultant services contract with the agency?
 2) If the answer to question 1) is "yes", would the receiving of payment for professional or consultant services result in jeopardizing the rights of the person to continue to receive benefits computed under the retirement incentives program, or, would the receipt of such payment necessitate any reduction in the retirement benefits being received by such person?
 3) Are there any other laws, in addition to Act 187 of 1987, that would prohibit or restrict a State agency from entering into a professional services or consultant services contract with a person who is receiving regular benefits under the PERS or who is receiving a retirement incentives benefit under such System?
It is my opinion that the answer to your first question is yes. Sections 1 through 3 of Act 187 state in pertinent part that employees participating in the retirement incentive programs are "not eligible to accept further employment" with the particular department from which they retired or "in which the state is the employer." Section 7 of Act 187, which applies to employees retiring from the Arkansas State Highway Employees Retirement System, states that these employees "shall not be eligible for subsequent employment, as an employee, by any state agency whose employees are covered by a State supported retirement system." The question, therefore, is whether the foregoing language extends to persons who provide services to a State agency and receive compensation under a professional services or consultant services contract.
A review of the definitions of "professional service contract" and "consultant services contract" under Arkansas Code of 1987 Annotated 19-4-1702 and 19-4-1703, respectively, offer significant guidance in resolving this question. These definitions clearly indicate that those who contract to provide professional services or consultant services are independent contractors and not employees of the contracting agency. A.C.A. 19-4-1702 states in pertinent part:
 A professional services contract between a state agency and a contractor is a contract in which the relationship between the contractor and the agency is that of an independent contractor rather than that of an employee.
A.C.A. 19-4-1703 states:
 A consultant services contract between a state agency and an individual or organization in which the service to be rendered to the agency or to a third-party beneficiary under a contract is primarily the giving of advice by the contractor on a particular problem facing the agency or a third-party beneficiary. The contractor shall have the relationship of an independent contractor with respect to the agency. It may therefore be concluded that the phrase "further employment," as it appears in Act 187, does not encompass professional services or consultant services contractors. It should be noted, however, that a fact question may conceivably arise with respect to a particular individual's actual status as a professional services or consultant services contractor. This type of question must be addressed on a case by case basis.
It must be noted in response to your second question that while Act 187 places limitations upon one's eligibility for subsequent employment following his or her early retirement, no provision is made for a reduction in vested benefits following employment. Nor does there appear to be any independent authority for such action. It is therefore my opinion that the answer to your second question is no.
The following provisions must be noted in response to your final question:
 A.C.A. 19-11-709. Restrictions on employment of present and former employees. (a) * * *
 (b) Restrictions on Former Employees in Matters Connected With Their Former Duties.
 (1) Permanent Disqualification of Former Employee Personally Involved in a Particular Matter. It shall be a breach of ethical standards for any former employee knowingly to act as a principal or as an agent for anyone other than the state in connection with any. . . .
 (B) Contract . . . in which the employee participated personally and substantially through decision, approval, disapproval, recommendation, rendering of advice, investigation, or otherwise while an employee, where the state is a party or has a direct and substantial interest.
 (2) One-Year Representation Restriction Regarding Matters for Which a Former Employee Was Officially Responsible. It shall be a breach of ethical standards for any former employee, within one (1) year after cessation of the former employee's official responsibility in connection with any. . .
 (B) Contract . . . knowingly to act as a principal or as an agent for anyone other than the state in matters which were within the former employee's official responsibility, where the state is a party or has a direct or substantial interest.
(c) * * *
 (d)(1) Selling to State After Termination of Employment if Prohibited. It shall be a breach of ethical standards for any former employee, unless the former employee's last annual salary did not exceed ten thousand five hundred dollars ($10,500), to engage in selling or attempting to sell commodities or services to the state for one (1) year following the date employment ceased.
(2) * * *
The contract must be reviewed with the foregoing provisions in mind since either a "professional services contract" or a "consultant services contract" under A.C.A. 19-4-1702 and 19-4-1703, respectively, may involve rendering service to a third-party beneficiary.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.